J-S63033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TARGET NATIONAL BANK, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ELVELINA MORROW, | : | |
| | : | |
| Appellant | : | No. 481 EDA 2015 |

Appeal from the Order entered on December 11, 2014
in the Court of Common Pleas of Montgomery County,
Civil Division, No. 2010-06803

BEFORE:  DONOHUE, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:             **FILED NOVEMBER 30, 2015**

Elvelina Morrow ("Morrow")[1] appeals from the December 11, 2014 Order denying her Petition to open the judgment entered in favor of Target National Bank ("Target").  We quash the appeal.

On October 20, 2014, the trial court conducted a bench trial on Target's claims against Morrow relating to an unpaid credit card debt. Morrow did not appear at the trial, after which the trial court entered judgment in favor of Target in the amount of $9,103.91, plus costs and interest.  The following day, Morrow, *pro se*, filed a Petition to Open Judgment and Dismiss Action ("Petition to Open").  On November 14, 2014, the trial court denied Morrow's Petition to Open.  Morrow filed a Motion for

_____

[1] Morrow indicates that she has remarried, and argues that her married name should be used throughout these proceedings.  However, it does not appear that Morrow requested that the trial court amend the case caption to reflect her name change.  Thus, we cannot accommodate Morrow's request.

Reconsideration of the denial of her Petition to Open. The trial court denied her Motion for Reconsideration on December 11, 2014. On December 17, 2014, Morrow filed a Notice of Appeal of the December 11, 2014 Order denying her Motion for Reconsideration.

On January 9, 2015, the trial court issued an Order directing Morrow to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal within 21 days (*i.e.*, on or before January 30, 2015). The docket reflects that Morrow's Concise Statement was not filed until February 12, 2015.[2]

On appeal, Morrow raises the following issues for our review:

1. Whether it is error to fail to open a judgment[,] despite the judgment creditor's admission that it deposited a check clearly stating on its face that it was settlement in full of the lawsuit, and it [*sic*] admission that it did so months before obtaining a judgment in that lawsuit[?]

2. Whether knowingly mailing a check to the wrong address, and knowingly making out the check to the wrong name, can be considered "tender of payment" of that check[?]

3. Whether[,] under 13 Pa.C.S.A. [] § 3311[,] an attorney may deposit a check which he knew or should have known was for settlement of a disputed lawsuit[,] and then hide that settlement from a trial court and obtain judgment for the full amount of his original claim[?]

---

[2] Morrow contends that she attempted to electronically file her Concise Statement on several prior occasions, but that each of her earlier filings were rejected, including three made within the 21-day period. Brief for Appellant at 15-16. The trial court urges that we dismiss the appeal based on the untimeliness of Morrow's Concise Statement. *See* Trial court Opinion, 4/21/15, at 2.

4. Whether a statement of matters complained of on appeal is timely if mailed thirteen days after the trial court's Rule 1925(b) Order[,] and received by the trial court seventeen [*sic*] [?]

Brief for Appellant at 4 (some capitalization omitted, issues renumbered for ease of disposition).

Initially, we must determine whether this Court has jurisdiction over Morrow's appeal. Here, Morrow's issues on appeal pertain to the trial court's November 14, 2014 Order denying her Petition to Open. However, the docket establishes that Morrow failed to appeal that Order.[3] Instead, Morrow appealed the trial court's December 11, 2014 Order denying her Motion for Reconsideration.

Even if Morrow had attempted to appeal the November 14, 2014 Order denying her Petition to Open, her Notice of Appeal was not filed until December 17, 2014, which is beyond the 30-day appeal period specified by Pa.R.A.P. 903(a).

The fact that Morrow filed a Motion for Reconsideration offers no basis for a contrary conclusion. **See Sass v. AmTrust Bank**, 74 A.3d 1054, 1062 (Pa. Super. 2013) (holding that the mere filing of a petition requesting reconsideration of a final order of the trial court does not toll the normal 30-day period for an appeal from the final order). The 30-day appeal period

---

[3] We further observe that Morrow was required to file a notice of appeal of the trial court's November 14, 2014 Order denying her Petition to Open no later than December 15, 2014 (as the 30th day, December 14, 2014, fell on a Sunday, **see** Pa.R.A.P. 903 cmt.). However, our review discloses that no notice of appeal was filed on or before that date.

may only be tolled if the trial court enters an order expressly granting reconsideration within 30 days of the final order. *See id*. Here, the trial court did not expressly grant reconsideration within the applicable 30-day period. Rather, the trial court denied Morrow's Motion for Reconsideration outright on December 11, 2014. Because Morrow failed to file her Notice of Appeal within the required period, she forfeited her ability to obtain appellate review. *See id.* at 1063 (holding that because timeliness is jurisdictional, an untimely appeal divests this Court of jurisdiction to hear the merits of the case).

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2015